**RUDNICK, ADDONIZIO & PAPPA**
**A PROFESSIONAL CORPORATION**
**25 VILLAGE COURT**
**HAZLET, NEW JERSEY  07730**
**(732) 264-4400     FILE NO. L-9683-CZ**
**ATTORNEYS FOR PLAINTIFF.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KEITH RUDNICK,**<br><br>        **Plaintiff,**<br><br>   **Vs.**<br><br>**NIKKI BEACH MIDTOWN, JOHN DOES 1-5 (names being fictitious) and ABC CORPS. 1-5 (names being fictitious)**<br><br>     **Defendants.** | **Civil Action No.**<br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Keith Rudnick, presently residing at 707 Adams Street, Apartment 2R, in the City of Hoboken, County of Hudson and State of New Jersey, by way of Complaint against the defendants, says:

**JURISDICTION**

1.     Jurisdiction of the Court is invoked under the provisions of 28 USC § 1332, federal diversity jurisdiction.  The court has supplemental jurisdiction over plaintiff's State law claims pursuant to 28 USC § 1367(a).

**THE PARTIES**

1.     At all times hereinafter mentioned defendants, Nikki Beach Midtown and/or ABC Corps. 1-5 (names being fictitious), maintained and controlled by deed, lease or otherwise certain premises located at 151 East 50th Street, in the City of New York and State of New York.

2.      At all times hereinafter mentioned John Doe No. 1 (name being fictitious), was a male patron, whose identity is yet to be identified, was lawfully on the premises of the defendants Nikki Beach Midtown and/or ABC Corps 1-5 (names being fictitious) as aforesaid.

3.      At all times hereinafter mentioned John Does Nos. 2-5 (names being fictitious), were agents, servants and/or employees of the defendants Nikki Beach Midtown and ABC Corps 1-5 (names being fictitious).

## FIRST COUNT

1.      Plaintiff incorporates herein by reference each and every allegation previously made in the instant complaint.

2.      At all times hereinafter mentioned the defendants and members of the public, including the plaintiff and John Doe No. 1 (name being fictitious), were invited and expected to come upon defendant's premises for the purpose of mutual benefit.

3.      On or about October 1, 2006, plaintiff, having accepted the invitation of defendants was lawfully and properly on said premises of defendants.

4.      At the same time and place, the defendants, Nikki Beach Midtown, ABC Corps 1-5 (names being fictitious) and John Does 2-5 (names being fictitious), as agents, servants and/or employees failed to properly supervise said premises mentioned above, and otherwise failed to provide adequate security to its patrons.

5.      As a direct and proximate result of the defendants' negligence in maintaining a safe premises, the plaintiff was caused to be assaulted and battered by John Doe No. 1 (name being fictitious) while on defendant's premises, sustaining serious and permanent injuries.

6.      As a direct and proximate result of the aforesaid actions of the defendants herein, plaintiff was caused to sustain sever bodily injuries, some of which are permanent in nature, has

been caused and will be caused to expend sums of money for medical treatment necessary to effect the cure for his injuries, and has been prevented from attending to his usual business and daily activities.

WHEREFORE, plaintiff hereby demands judgment against defendants, Nikki Beach Midtown and/or ABC Corps. 1-5 (names being fictitious), individually, jointly and/or severally for damages, and attorneys' fees, together with interest and costs of suit.

## SECOND COUNT

1.     Plaintiff incorporates herein by reference each and every allegation previously made in the instant complaint.

2.     At the same time and place aforesaid, plaintiff was lawfully and properly on the premises of defendants, Nikki Beach Midtown and/or ABC Corps. 1-5 (names being fictitious).

3.     At the same time and place aforesaid, while on said premises, plaintiff was assaulted and battered by defendant, John Doe No. 1  (name being fictitious), which assault and battery was done negligently and/or with malicious intent and with an aim toward seriously maiming and harming the plaintiff, with an eye toward inflicting severe and serious injury upon him, for no reason, and in a completely unprovoked manner.

4.     The aforesaid assault made by defendant, John Doe No. 1  (name being fictitious) upon plaintiff was made from the motive of malice, there being no other reason or probable cause for same.

5.     The actions taken by defendant, John Doe No. 1 (name being fictitious) were grossly and inordinately negligent and were taken without regard for personal property or of the plaintiff in and about said premises.

6.     As a direct result of the aforesaid actions of defendant, John Doe No. 1 (names

being fictitious), plaintiff sustained severe bodily injuries, some of which are permanent in nature, has been caused, and will be caused, to expend sums of money for medical treatment necessary to effect a cure for his injuries, and has been prevented from attending to his usual business and daily activities.

WHEREFORE, plaintiff hereby demands judgment against defendants, John Doe No. 1 (names being fictitious), individually, jointly and/or severally for damages, punitive damages, and attorneys' fees, together with interest and costs of suit.

## THIRD COUNT

1. Plaintiff incorporates herein by reference each and every allegation previously made in the instant complaint.

2. The actions of the defendants, Nikki Beach Midtown, John Does 1-5 (names being fictitious) and/or ABC Corps. 1-5 (names being fictitious) were negligent and resulted in personal injury to the plaintiff.

3. As a direct result of the negligence of the defendants aforesaid, plaintiff sustained serious and permanent bodily injuries, has been caused, and will be caused, to expend a substantial sum of money for medical care and treatment, and has been prevented from attending to his business and usual activities.

WHEREFORE, plaintiff hereby demands judgment against defendants, Nikki Beach Midtown, John Does 1-5 (names being fictitious) and/or ABC Corps. 1-5 (names being fictitious), individually, jointly and/or severally for damages, punitive damages, and attorneys' fees, together with interest and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of six (6) jurors as to all issues raised by these pleadings.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Mark F. Casazza, Esq. is hereby designated as trial counsel.

## CERTIFICATION

I hereby certify that, pursuant to Rule 4:5-1(b)(2), this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration, nor is any action or arbitration proceeding contemplated.

RUDNICK, ADDONIZIO & PAPPA, P.C.
Attorneys for Plaintiff.

By:     *s/Mark F. Casazza, Esq.*
        Mark F. Casazza, Esq.

DATED:  September 28, 2007

Gallo Vitucci Klar Pinter & Cogan
140 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
(P) 201-242-1011
(F) 201-461-2621
*Attorneys for Defendant*
*JJMAG RESTAURANT CORPORATION d/b/a*
*NIKKI MIDTOWN, LLC*
*i/s/h/a NIKKI BEACH MIDTOWN*

--------------------------------------------------------------------X

KEITH RUDNICK,

                             Plaintiff,

      - against -

NIKKI BEACH MIDTOWN

                         Defendant.

--------------------------------------------------------------------X

U.S. District Court
District of New Jersey
(Newark)

2007-cv – 04663 (KSH/PS)

**NOTICE OF MOTION**

TO:    RUDNICK, ADDONIZIO & PAPPA, P.C.
       *Attorney for Plaintiff*
       25 Village Court
       Hazlet, NJ 07730
       Attn: Mark F. Casazza, Esq.
       (732) 264-4400
       markcasazza@rudnicklaw.com

**PLEASE TAKE NOTICE** that on **January 8, 2008** at 9:00 a.m. in the forenoon or as soon thereafter as Counsel may be heard, the undersigned attorney for Defendant will apply to the U.S. District Court, District of New Jersey at the Courthouse located at 50 Walnut Street, Newark, New Jersey 07101 for an Order pursuant to Rule 12(b)(2) dismissing plaintiff's complaint for lack of personal jurisdiction or in the alternative dismissing the plaintiff's Complaint upon the basis of *forum non conveniens,* or in the alternative, transferring this matter to the Southern District of New York.

The defendant shall rely on the annexed Statement of Undisputed Material Facts, Affidavit of George Iordanou, Certification of Counsel and supporting Brief.

The defendant requests oral argument if opposition is timely filed.

YOLANDA L. AYALA

Dated: December 4, 2007

Gallo Vitucci Klar Pinter & Cogan
140 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
(P) 201-242-1011
(F) 201-461-2621
*Attorneys for Defendant*
*JJMAG RESTAURANT CORPORATION d/b/a*
*NIKKI MIDTOWN, LLC*
*i/s/h/a NIKKI BEACH MIDTOWN*
-----------------------------------------------------------------------X

KEITH RUDNICK,

                                                        U.S. District Court
                        Plaintiff,                      District of New Jersey
                                                        (Newark)

        - against -

                                                        2007-cv – 04663 (KSH/PS)

NIKKI BEACH MIDTOWN

                        Defendant.              **CERTIFICATION OF**
                                                **COUNSEL**
-----------------------------------------------------------------------X

YOLANDA L. AYALA, of full age, hereby certifies and says:

1.      I am an attorney duly licensed to practice law before the state and federal courts of

        the State of New Jersey and New York. I am associated with the law offices of Gallo

        Vitucci Klar Pinter and Cogan attorneys for defendant, *JJMAG RESTAURANT*

        *CORPORATION d/b/a NIKKI BEACH MIDTOWN I/s/h/a NIKKI BEACH*

        *MIDTOWN (hereinafter "JJMAG")* . As such, I am fully familiar with the facts and

        circumstances surrounding this litigation.

2.      This Rule 12(b)(2) motion is submitted in lieu of an Answer. Thus, this appearance is

        for the sole and exclusive purpose of contesting jurisdiction.

3.      Annexed hereto as **Exhibit A** is a full and complete copy of plaintiff's Summons and

        Complaint. As indicated therein, it is alleged that the plaintiff was assaulted by an

        unknown third-party at the defendant's restaurant/lounge located at 151 East 50th

        Street, New York, NY.

4.      Annexed hereto as **Exhibit B** is a true and complete copy of a Stipulation executed by plaintiff's counsel, which permits the defendant an extension of time to answer or otherwise move by December 7, 2007.

5.      Annexed hereto as **Exhibit C** is a copy of the New York City police report generated in connection with the plaintiff's alleged assault

6.      Annexed hereto as **Exhibit D** is a true and complete copy of a print-out from the New York State Division of Corporations which confirms JJMAG is a New York corporation.

7.      Based upon the foregoing, as well as the Affidavit of JJMAG's President, George Iordanou, Defendant's Statement of Undisputed Material Facts, and the arguments presented in the Defendant's accompanying Brief, plaintiff's complaint should be dismissed as he cannot establish that the defendant has any contacts, let alone, minimum contacts with the State of New Jersey so as to justify the imposition of jurisdiction over it. Alternatively, this matter should be dismissed based upon the doctrine of *forum non conveniens* or transferred to the Southern District of New York.

I certify the above information is true to the best of my knowledge. I am aware that if any of the foregoing is willfully false I am subject to punishment.

YOLANDA L. AYALA

Dated: December 4, 2007

GALLO, VITUCCI, KLAR, PINTER & COGAN, LLP
140 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
(201) 242-1011
*Attorneys for the Defendant*
JJMAG RESTAURANT CORPORATION d/b/a
NIKKI MIDTOWN, LLC
I/s/ha NIKKI BEACH MIDTOWN
------------------------------------------------------------------------X
KEITH RUDNICK,

|  |  |  |
|---|---|---|
| | Plaintiff, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| - against – | | |
| | | 2007 cv 04663(KSH)(PS) |
| NIKKI BEACH MIDTOWN, et. al. | | **STATEMENT OF UNDISPUTED FACTS** |
| | Defendant, | |

------------------------------------------------------------------------X

The defendant, JJMAG RESTAURANT CORPORATION d/b/a NIKKI

MIDTOWN, LLC i/s/ha NIKKI BEACH MIDTOWN asserts the following facts are

undisputed:

1. The plaintiff claims that he was assaulted by an unknown third-party at the
defendant's premises located at 151 East 50th Street, New York, NY (See
plaintiff's Complaint, para. 1 annexed as Exhibit A to Ayala
Certification).

2. The alleged incident was investigated by the New York City Police
Department (See NYPD report annexed as Exhibit C to Ayala
Certification).

3.      The plaintiff received emergency medical treatment in New York immediately following the incident (See NYPD report annexed as Exhibit C to Ayala Certification).

4.      On and prior to October 1, 2006, JJMAG RESTAURANT CORPORATION d/b/a NIKKI MIDTOWN LLC (hereinafter "JJMAG") i/s/h/a NIKKI BEACH MIDTOWN was a New York corporation (See New York State Division of Corporation print-out annexed as **Exhibit D** to Ayala Certification).

5.      JJMAG operated a restaurant/lounge known as Nikki Beach Midtown located at 151 East 50th Street, New York, New York (See annexed Affidavit of George Iordanou, paras 1-2).

6.      JJMAG does not operate or engage in any businesses in the State of New Jersey (Iordanou Affidavit, para 3).

7.      JJMAG does not own any property in the State of New Jersey (Iordanou Affidavit, para. 4).

8.      JJMAG does not have any bank accounts in the State of New Jersey (Iardanou Affidavit, para. 5).

9.      JJMAG does not have any mailing addresses in the State of New Jersey (Iordanou Affidavit, para. 6).

10.      JJMAG does not advertise or solicit any business in the State of New Jersey (Iordanou Affidavit, para. 7).

11.      JJMAG does not maintain any offices in the State of New Jersey. (Iordanou Affidavit, para. 8).

12. JJMAG does not have any employees stationed in the State of New Jersey.

(Iordanou Affidavit, para. 9).

GALLO, VITUCCI, KLAR, PINTER & COGAN, LLP
*Attorneys for the Defendant*
JJMAG RESTAURANT CORPORATION d/b/a
NIKKI MIDTOWN, LLC
i/s/ha NIKKI BEACH MIDTOWN

By:_____
YOLANDA L. AYALA

*EXHIBIT "A"*

RUDNICK, ADDONIZIO & PAPPA
A PROFESSIONAL CORPORATION
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730
(732) 264-4400    FILE NO. L-9683-CZ
ATTORNEYS FOR PLAINTIFF.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| KEITH RUDNICK, | Civil Action No. |
|---|---|
| Plaintiff, | |
| Vs. | |
| NIKKI BEACH MIDTOWN, JOHN DOES 1-5 (names being fictitious) and ABC CORPS. 1-5 (names being fictitious) | COMPLAINT AND JURY DEMAND |
| Defendants. | |

Plaintiff, Keith Rudnick, presently residing at 707 Adams Street, Apartment 2R, in the City

of Hoboken, County of Hudson and State of New Jersey, by way of Complaint against the

defendants, says:

### JURISDICTION

1.    Jurisdiction of the Court is invoked under the provisions of 28 USC § 1332, federal

diversity jurisdiction. The court has supplemental jurisdiction over plaintiff's State law claims

pursuant to 28 USC § 1367(a).

### THE PARTIES

1.    At all times hereinafter mentioned defendants, Nikki Beach Midtown and/or ABC

Corps. 1-5 (names being fictitious), maintained and controlled by deed, lease or otherwise certain

RUDNICK, ADDONIZIO & PAPPA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

premises located at 151 East 50th Street, in the City of New York and State of New York.

2. At all times hereinafter mentioned John Doe No. 1 (name being fictitious), was a male patron, whose identity is yet to be identified, was lawfully on the premises of the defendants Nikki Beach Midtown and/or ABC Corps 1-5 (names being fictitious) as aforesaid.

3. At all times hereinafter mentioned John Does Nos. 2-5 (names being fictitious), were agents, servants and/or employees of the defendants Nikki Beach Midtown and ABC Corps 1-5 (names being fictitious).

## FIRST COUNT

1. Plaintiff incorporates herein by reference each and every allegation previously made in the instant complaint.

2. At all times hereinafter mentioned the defendants and members of the public, including the plaintiff and John Doe No. 1 (name being fictitious), were invited and expected to come upon defendant's premises for the purpose of mutual benefit.

3. On or about October 1, 2006, plaintiff, having accepted the invitation of defendants was lawfully and properly on said premises of defendants.

4. At the same time and place, the defendants, Nikki Beach Midtown, ABC Corps 1-5 (names being fictitious) and John Does 2-5 (names being fictitious), as agents, servants and/or employees failed to properly supervise said premises mentioned above, and otherwise failed to provide adequate security to its patrons.

5. As a direct and proximate result of the defendants' negligence in maintaining a safe premises, the plaintiff was caused to be assaulted and battered by John Doe No. 1 (name being fictitious) while on defendant's premises, sustaining serious and permanent injuries.

6. As a direct and proximate result of the aforesaid actions of the defendants herein,

RUDNICK, ADDONIZIO & PAPPA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
19 VILLAGE COURT
HAZLET, NEW JERSEY 07730

plaintiff was caused to sustain sever bodily injuries, some of which are permanent in nature, has been caused and will be caused to expend sums of money for medical treatment necessary to effect the cure for his injuries, and has been prevented from attending to his usual business and daily activities.

WHEREFORE, plaintiff hereby demands judgment against defendants, Nikki Beach Midtown and/or ABC Corps. 1-5 (names being fictitious), individually, jointly and/or severally for damages, and attorneys' fees, together with interest and costs of suit.

## SECOND COUNT

1.     Plaintiff incorporates herein by reference each and every allegation previously made in the instant complaint.

2.     At the same time and place aforesaid, plaintiff was lawfully and properly on the premises of defendants, Nikki Beach Midtown and/or ABC Corps. 1-5 (names being fictitious).

3.     At the same time and place aforesaid, while on said premises, plaintiff was assaulted and battered by defendant, John Doe No. 1 (name being fictitious), which assault and battery was done negligently and/or with malicious intent and with an aim toward seriously maiming and harming the plaintiff, with an eye toward inflicting severe and serious injury upon him, for no reason, and in a completely unprovoked manner.

4.     The aforesaid assault made by defendant, John Doe No. 1 (name being fictitious) upon plaintiff was made from the motive of malice, there being no other reason or probable cause for same.

5.     The actions taken by defendant, John Doe No. 1 (name being fictitious) were grossly and inordinately negligent and were taken without regard for personal property or of the plaintiff in and about said premises.

RUDNICK, ADDONIZIO & PAPPA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
27 VILLAGE COURT
HAZLET, NEW JERSEY 07730

11/09/2007 11:07 FAX 732 888 2780    RUDNICK, ADDONIZIO, FARRA.

Case 2:1007-cv-04665-KSH-GPS Document 22    Filed 12/05/2007    Page 12 of 38

6.     As a direct result of the aforesaid actions of defendant, John Doe No. 1 (names being fictitious), plaintiff sustained severe bodily injuries, some of which are permanent in nature, has been caused, and will be caused, to expend sums of money for medical treatment necessary to effect a cure for his injuries, and has been prevented from attending to his usual business and daily activities.

WHEREFORE, plaintiff hereby demands judgment against defendants,

John Doe No. 1 (names being fictitious), individually, jointly and/or severally for damages, punitive damages, and attorneys' fees, together with interest and costs of suit.

## THIRD COUNT

1.     Plaintiff incorporates herein by reference each and every allegation previously made in the instant complaint.

2.     The actions of the defendants, Nikki Beach Midtown, John Does 1-5 (names being fictitious) and/or ABC Corps. 1-5 (names being fictitious) were negligent and resulted in personal injury to the plaintiff.

3.     As a direct result of the negligence of the defendants aforesaid, plaintiff sustained serious and permanent bodily injuries, has been caused, and will be caused, to expend a substantial sum of money for medical care and treatment, and has been prevented from attending to his business and usual activities.

WHEREFORE, plaintiff hereby demands judgment against defendants,

Nikki Beach Midtown, John Does 1-5 (names being fictitious) and/or ABC Corps. 1-5 (names being fictitious), individually, jointly and/or severally for damages, punitive damages, and attorneys' fees, together with interest and costs of suit.

RUDNICK, ADDONIZIO & PAPPA
A PROFESSIONAL CORPORATION
COUNSELORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of six (6) jurors as to all issues raised by these

pleadings.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that

Mark F. Casazza, Esq. is hereby designated as trial counsel.

## CERTIFICATION

I hereby certify that, pursuant to Rule 4:5-1(b)(2), this matter in controversy is not the

subject of any other action pending in any Court or of a pending arbitration, nor is any action or

arbitration proceeding contemplated.


RUDNICK, ADDONIZIO & PAPPA, P.C.
Attorneys for Plaintiff.


By:     *s/Mark F. Casazza, Esq.*
        Mark F. Casazza, Esq.

DATED: September 28, 2007

RUDNICK, ADDONIZIO & PAPPA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

*EXHIBIT "B"*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

KEITH RUDNICK,

                                                    Civil Action No:

              Plaintiff(s),

                                                    **STIPULATION TO EXTEND**
     -against-                                      **TIME TO ANSWER**

NIKKI BEACH MIDTOWN, JOHN DOES 1-
5 (names being fictitious) and ABC CORP.
1-5 (names being fictitious,

              Defendant(s).

---------------------------------------------------------------X

IT IS HEREBY STIPULATED that the time for the **defendant(s) NIKKI BEACH MIDTOWN** to appear and to answer, amend or supplement the answer as of course or to make any motion with relation to the summons or to the complaint in this action, be and the same hereby is extended to and including the 7th day of December, 2007.

Dated: New York, New York
       November 9, 2007

                                            MARK F. CASAZZA, ESQ.
                                            RUDNICK ADDONIZIO & PAPPA
                                            *Attorneys for Plaintiff*
                                            25 Village Court
                                            Hazlet, NJ 07730
                                            732-264-4400

YOLANDA L. AYALA, ESQ.
GALLO VITUCCI KLAR
PINTER & COGAN.
*Attorneys for Defendant*
**NIKKI BEACH MIDTOWN**
140 Sylvan Avenue
Englewood Cliffs, NJ 07632
201-242-1011
**ARC-2007-11**

*EXHIBIT "C"*

ATTN: MARK CASAZZA

PROCES



# New York City Police Department

## Omniform System - Complaints



| Report Cmd: 017 | Jurisdiction: N.Y. POLICE DEPT | Record Status: Final, No Arrests | Complaint # 2006-017-04918 |
|---|---|---|---|

**Occurrence Location: INSIDE OF 151 EAST 50 STREET**
Name Of Premise: NIKKI MIDTOWN
Premises Type: BAR/NIGHT CLUB
Location Within Premise:
Visible By Patrol?: NO

Precinct: 017
Sector: E
Beat: 6
Post: 39

**Occurrence From: 2006-10-01 03:50 SUNDAY**
Occurrence thru: 2006-10-01     03:55
Reported: 2006-10-01     04:30
Complaint Received: RADIO

Aided # 00000086
Accident #
O.C.C.B. #

**Classification: ASSAULT**
Attempted/Completed: COMPLETED
Most Serious Offense Is: FELONY
    PD Code: 109  ASSAULT 2,1,UNCLASSIFIED
    PL Section: 12005
    Keycode: 106  ASSAULT-FELONIOUS

**Case Status: OPEN**
Unit Referred To: P.D.U.
Clearance Code:
Log/Case #: 0
File #: 6
Prints Requested? NO

| Was The Victim's Personal Information Taken Or Possessed? NO | | Was The Victim's Personal Information Used To Commit A Crime? NO | | |
|---|---|---|---|---|
| Gang Related? NO | Gang Intel Log #: | Name Of Gang: | DIR Required? NO | Child Abuse Suspected? NO |

| **If Burglary:** | **Alarm:** | **If Arson:** |
|---|---|---|
| Forced Entry? | Bypassed? | Structure: |
| Structure: | Comp Responded?: | Occupied?: |
| Entry Method: | Company Name/Phone: | Damage by: |
| Entry Location: | Crime Prevention Survey Requested?: | |

| Supervisor On Scene - Rank / Name / Command : LT GROHT 017 | Canvas Conducted: NO | Interpreter(if used): |
|---|---|---|

**NARRATIVE:**
AT T/P/O COMPL. STATES THAT AN UNK. MALE PERP DID THROW A GLASSS BOTTLE IN
THE COMP'S FACE CAUSING INJURY OF A BROKEN TOOTH AND A LACERATION ON HIS LIPS,
AND THAT THE LICENSED PREMISE'S BOUNCERS ESCORTED THE PERP OUT THE DOOR.
ABOVE LICENSED PREMISE MANAGER STATED THERE WAS NO VIDEO ON 2ND BAR TO TAPE
THE INCIDENT.

## No NYC TRANSIT Data for Complaint # 2006-017-04918

| Total Victims: 1 | Total Witnesses: 0 | Total Reporters: 1 | Total Wante 1 |
|---|---|---|---|

| **VICTIM: # 1 of 1** | Name: RUDNICK,KEITH M | Complaint#: 2006-017-04918 |
|---|---|---|

Nick/AKA/Maiden:
    Sex/Type: MALE
    Race: WHITE
    Age: 31
    Date Of Birth: 12/14/1974
    Disabled? NO

Gang Affiliation:
    Name:
    Identifiers:

Will View Photo: YES

## Classification: ASS,

, Attempted/Completed: COMPLETED
Most Serious Offense Is: FELONY·
    PD Code: 109  ASSAULT 2,1,UNCLASSIFIED
    PL Section: 12005
    Keycode: 106  ASSAULT-FELONIOUS

PAGE1

Case Status: OPEN
Unit Referred To: P.D.U.
Clearance Code:
Log/Case #: 0
Flg #: 6
Prints Requested? NO

| Was The Victim's Personal Information Taken Or Possessed?<br>NO | | Was The Victim's Personal Information Used To Commit A Crime?<br>NO | |
|---|---|---|---|
| Gang Related?<br>NO | Gang Intel Log #: | Name Of Gang: | DIR Required?<br>NO | Child Abuse Suspected?<br>NO |

| If Burglary: | Alarm: | If Arson: |
|---|---|---|
| Forced Entry? | | Bypassed? | Structure: |
| Structure: | Comp Responded?: | Occupied?: |
| Entry Method: | Company Name/Phone: | Damage by: |
| Entry Location: | Crime Prevention<br>Survey Requested?: | |

| Supervisor On Scene - Rank / Name / Command :<br>LT GROHT 017 | Canvas Conducted:<br>NO | Interpreter(if used): |
|---|---|---|

**NARRATIVE:**

AT T/P/O COMPL. STATES THAT AN UNK. MALE PERP DID THROW A GLASSS BOTTLE IN
THE COMP'S FACE CAUSING INJURY OF A BROKEN TOOTH AND A LACEATION ON HIS LIPS,
AND THAT THE LICENSED PREMISE'S BOUNCERS ESCORTED THE PERP OUT THE DOOR.
ABOVE LICENSED PREMISE MANAGER STATED THERE WAS NO VIDEO ON 2ND BAR TO TAPE
THE INCIDENT.

## No NYC TRANSIT Data for Complaint # 2006-017-04918

| Total Victims:<br>1 | Total Witnesses:<br>0 | Total Reporters:<br>1 | Total Wan|<br>1 |
|---|---|---|---|

| VICTIM: # 1 of 1 | Name:<br>RUDNICK, KEITH M | Complaint#:<br>2006-017-04918 |
|---|---|---|

Nick/AKA/Maiden:
    Sex/Type: MALE
    Race: WHITE
    Age: 31
    Date Of Birth: 12/14/1974
    Disabled? NO
Need Interpreter: NO
    Language:
N.Y.C.H.A Resident? NO

Gang Affiliation:
    Name:
    Identifiers:

Will View Photo: YES
Will Prosecute: YES
Notified Of Crime
Victim Comp. Law:

| LOCATION | ADDRESS | CITY | STATE/COUNTRY | ZIP | APT/ROOM | |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 115 NANCY LANE | TRENTON | NEW JERSEY | 08638 | | |

| Phone #: CELL: 732-397-6465 | |
|---|---|
| Action against Victim: | Actions Of Victim Prior To Incident: |
| Victim Of Similar Incident: | If Yes, When And Where |

| REPORTER: # 1 of 1 | Name:<br>RUDNICK, KEITH M | Complaint #:<br>2006-017-04918 |
|---|---|---|

| Nick/AKA/Maiden: | | | Gang Affiliation: NO |
| Sex/Type: MALE | | | Name: |
| Race: WHITE | | | Identifiers: |
| Age: 031 | | | |
| Date Of Birth: 12/14/1974 | | | Relationship To Victim: NONE |
| Need Interpreter: NO | | | |
| Language: | | | |

| Location | Address | City | State/Country Zip | Apt/Room |
|---|---|---|---|---|
| HOME-PERMANENT 115 NANCY LANE TRENTON NEW JERSEY 08638 | | | | |

Phone #: CELL: 732-397-6466

| **WANTED: # 1 of 1** | Name: UNKNOWN, | Complaint#: 2006-017-04918 |
|---|---|---|

| Nick/AKA/Maiden: | | |
|---|---|---|
| | Height: 5FT8IN | Order Of Protection: NO |
| Sex: UNKNOWN | Weight: 0 | Issuing Court: |
| Race: WHITE | Eye Color: | Docket #: |
| Age: | Hair Color: BROWN | Expiration Date: |
| Date Of Birth: UNKNOWN | Hair Length: SHORT | Relation to Victim: STRAN |
| U.S. Citizen: | Hair Style: STRAIGHT | Living together: NO |
| Place Of Birth: | Skin Tone: MEDIUM | Can be Identified: YES |
| Need Interpreter: | Complexion: CLEAR | |
| Language: | | Gang Affiliation: |
| Accent: NO | S.S. #: 0 | Name: |
| | | Identifiers: |

LOCATION ADDRESS CITY STATE/COUNTRY ZIP APT/ROOM HOW LONG? RES. PCT

Phone #:

N.Y.C.H.A. Resident: NO N.Y.C. Housing Employee:  On Duty:
Development:          N.Y.C. Transit Employee:

| Physical Force: USED | Gun: | Used Transit System: |
|---|---|---|
| Weapon Used/Possessed: | Make: | Station Entered: |
| Non-Firearm Weapon: | Caliber: | Time Entered: |
| Other Weapon Description: | Color: | Metro Card Type: |
| | Type: | Metro Card Used/Poss: |
| | Other/Gun Specify: | Card #: |
| | Discharged: | |

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | GLASS BOTTLE |
| CLOTHING | ACCESSORIES -SLACKS -BLUE |
| CLOTHING | OUTERWEAR -T-SHIRT OR TANK TOP -BLACK |
| CLOTHING | HEADGEAR -UNK -UNKNOWN COLOR |
| CLOTHING | FOOTWEAR -UNK -UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

| **NOTIFICATIONS / ADDITIONAL COPIES:** | Complaint # 2006-017-04918 |
|---|---|

Notifications to:
Rank/Title Name    Unit/Agency Log #
PO    HUDSON PBMS

| Reporting/Investigating M.O.S. Name: | Tax #: 929812 | Command: 017 PCT | Rep.Agency: NYPD |
|---|---|---|---|

Case2107cow046630KSILGPS DoDocument eh22  Filed 122205220007  Page220 of 388  Docket #:

| | |
|---|---|
| Age: | Eye Color: BROWN |
| Date Of Birth: UNKNOWN | Hair Length: SHORT |
| U.S. Citizen: | Hair Style: STRAIGHT |
| Place Of Birth: | Skin Tone: MEDIUM |
| Need Interpreter: | Complexion: CLEAR |
| Language: | |
| Accent: NO | S.S. #: 0 |

PROG'D

Expiration Date:
Relation to Victim: STRAN
Living together: NO
Can be Identified: YES

Gang Affiliation:
Name:
Identifiers:

**LOCATION ADDRESS CITY STATE/COUNTRY ZIP APT/ROOM HOW LONG? RES. PCT**

**Phone #:**

N.Y.C.H.A. Resident: NO N.Y.C. Housing Employee: On Duty:
Development:          N.Y.C. Transit Employee:

| | |
|---|---|
| Physical Force: USED | Gun: |
| Weapon Used/Possessed: | Make: |
| Non-Firearm Weapon: | Caliber: |
| Other Weapon Description: | Color: |
| | Type: |
| | Other/Gun Specify: |
| | Discharged: |

Used Transit System:
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

**CRIME DATA      DETAILS**

| | |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | GLASS BOTTLE |
| CLOTHING | ACCESSORIES -SLACKS -BLUE |
| CLOTHING | OUTERWEAR -T-SHIRT OR TANK TOP -BLACK |
| CLOTHING | HEADGEAR -UNK -UNKNOWN COLOR |
| CLOTHING | FOOTWEAR -UNK -UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

**NOTIFICATIONS / ADDITIONAL COPIES:**          Complaint # 2006-017-04918

Notifications to:
Rank/Title Name     Unit/Agency Log #
PO      HUDSON PBMS

| | Tax #: | Command: | Rep.Agency: |
|---|---|---|---|
| Reporting/Investigating M.O.S. Name: POM MATTHEW CAHILL | 929812 | 017 PCT | NYPD |
| Supervisor Approving Name: SGT JOHN BERCARICH | Tax #: 918750 | Command: 017 PCT | Rep.Agency: NYPD |
| Complaint Report Entered By: PAA FREDERICKS | Tax #: 316572 | Command: 017 PCT | Rep.Agency: NYPD |
| Signoff Supervisor Name: SGT TERRACCIANO | Tax #: 889291 | Command: 017 PCT | Rep.Agency: NYPD |



# END OF COMPLAINT REPORT
# 2006-017-04918

Case 1:07-cv-04663-KBF-CPS Document 22   Filed 12/05/2007   Page 21 of 38

----------NEW YORK CITY POLICE DEPARTMENT AIDED REPORT---------RUN: 10-03-06-20:11

| PCT OF OCCUR: 017 AIDED # 017200600868 JURY: 00 DATE: 10-01-2006 TIME: 04:00
| CMD OF REPORT: 017   RACE: WHITE   SEX: M   AGE: 31 DOB: 12-14-1974

| SURNAME: RUDNICK           FIRST: KEITH        MI: M
| ADDRESS: 115    NANCY LANE
|    TRENTON            NJ 08638-
| HOMELESS: N   HOME PHONE: (   )                    WORK: (   )

| LOC:    151 EAST   50 STREET                    MANHATTAN

| INSIDE OF
| SUBWAY LINE:                                                CRIME VICTIM: Y

| SICK/INJ: Y EMOTION DIST: N LOST PERS: N SICK/INJ MOS: N ABUSED/ABND CHLD: N
| RUN CHLD: N UNCONSCIOUS: N     BIKE INV: N   DECEASED: N        OTHER: N

|                       ACR #              PCR # 2196388     REMOVED TO:
| NAME:                       TREATED BY BUS# 9C EMT-7451      ADM#
| NOTIFIED:                                                    REL:
| ADDRESS:
| PHONE: (   )        TIME:              MADE BY:

| CHILDREN OR DEPENDENT ADULTS UNCARED FOR: N     AGENCY INVOLVED CODE:   000
| DESCRIPTION:
| UNITS NOTIFIED: HARBOR: N     MISSING PERSON SQUAD: N
|    PCT. YOUTH OFFICER: N     EMERGENCY SRVCE UNIT: N      HIGHWAY: N

| ADD. REPORTS: LOD: N UF61-COMPLNT: Y   CITY INV.: N UF95: N MISS PERSON: N
| SUSP CHILD ABUSE: N  DOM INCDNT: N JUV RPT: N              OTHER: N
| COMPLAINT #: 4918                          EXPOSURE RPT. #:
| MISC RPTS.:

| CPR: MOUTH TO MOUTH:      RESUSCITATED: N
| EDP HIST: N HARM SELF: N HARM OTHERS: N UNABLE CARE SELF: N PHYS THREAT: N
| VERB THREAT: N DANGER SELF: N SPOKE HARM SELF/OTH: N OTHER: N
| O.C. SPRAY USED:   N

------------------------------NARRATIVE SECTION------------------------------
| AT T/P/O AIDED SUFFERED A BROKEN TOOTH AND A LACERATION ON HIS FRONT LIP FROM
| AN ASSAULT BY AN UNK. MALE PERP.
------------------------------END OF NARRATIVE SECTION------------------------------
| REPORTED BY POM   CAHILL            MATTHEW    929842 COMMAND:   017
| REVIEWED BY                                              COMMAND:

*EXHIBIT "D"*

# NYS Department of State

## Division of Corporations

### Entity Information

---

Selected Entity Name: JJMAG RESTAURANT CORP.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | JJMAG RESTAURANT CORP. |
| **Initial DOS Filing Date:** | MARCH 19, 1999 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
JJMAG RESTAURANT CORP.
151 E 50TH ST
NEW YORK, NEW YORK, 10022

**Chairman or Chief Executive Officer**

GEORGE IORDANOU
151 E 50TH ST
NEW YORK, NEW YORK, 10022

**Principal Executive Office**

GEORGE IORDANOU
151 E 50TH ST
NEW YORK, NEW YORK, 10022

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

GALLO, VITUCCI, KLAR, PINTER & COGAN, LLP
140 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
(201) 242-1011
Attorneys for the Defendant
JJMAG RESTAURANT CORPORATION d/b/a
NIKKI MIDTOWN, LLC
I/s/ha NIKKI BEACH MIDTOWN
------------------------------------------------------------------------X

KEITH RUDNICK,

                             Plaintiff,          UNITED STATES
                                            DISTRICT COURT FOR
                                            THE DISTRICT OF NEW
                                            JERSEY

-   against –

                                            2007 cv 04663(KSH)(PS)

                                          **AFFIDAVIT OF GEORGE**

NIKKI BEACH MIDTOWN, et. al.              **IORDANOU**

                             Defendant,
------------------------------------------------------------------------X
State of New York   )
                 ) ss:
County of New York )

      GEORGE IORDANOU, duly sworn deposes and says:

1.     I am the President of JJMAG RESTAURANT CORPORATION d/b/a

           NIKKI MIDTOWN LLC (hereinafter "JJMAG") i/s/h/a NIKKI BEACH

           MIDTOWN.

2.     JJMAG operates a restaurant/lounge known as Nikki Beach Midtown

           located at 151 East 50th Street, New York, New York.

3.     JJMAG does not operate or engage in any businesses in the State of New

           Jersey.

4.     JJMAG does not own any property in the State of New Jersey.

5.     JJMAG does not have any bank accounts in the State of New Jersey.

6. JJMAG does not have any mailing addresses in the State of New Jersey.

7. JJMAG does not advertise or solicit any business in the State of New Jersey.

8. JJMAG does not maintain any offices in the State of New Jersey.

9. JJMAG does not have any employees stationed in the State of New Jersey.

GEORGE IORDANOU

Sworn to this _____ day
of November 2007

Notary Public

SHAMILLA ALI
Notary Public - State of New York
No. 01AL6095221
Qualified in Richmond County
My Commission Expires July 07, 2007
2011

GALLO, VITUCCI, KLAR, PINTER & COGAN, LLP
140 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
(201) 242-1011
Attorneys for the Defendant
JJMAG RESTAURANT CORPORATION d/b/a
NIKKI MIDTOWN, LLC
i/s/ha NIKKI BEACH MIDTOWN
--------------------------------------------------------------------X

KEITH RUDNICK,

                              Plaintiff,        UNITED STATES DISTRICT
                                              COURT FOR THE DISTRICT OF
                                              NEW JERSEY (Newark)

-    against –

                                              2007 cv 04663(KSH)(PS)

NIKKI BEACH MIDTOWN, et. al.

                              Defendant,
--------------------------------------------------------------------X


## BRIEF OF THE DFENDANT IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)


                        GALLO, VITUCCI, KLAR, PINTER & COGAN, LLP
                        140 Sylvan Avenue, Suite 5
                        Englewood Cliffs, NJ 07632
                        (201) 242-1011
                        Attorneys for the Defendant
                        JJMAG RESTAURANT CORPORATION d/b/a
                        NIKKI MIDTOWN, LLC
                        i/s/ha NIKKI BEACH MIDTOWN


On the Brief:

Yolanda L. Ayala

## **TABLE OF CONTENTS**

Page No.:

TABLE OF CONTENTS…………………………………………… i

TABLE OF AUTHORITIES……………………………………….. ii

PRELIMINARY STATEMENT……………………………………. 1

STATEMENT OF UNDIPSUTED FACTS………………………… 1

POINT I:

PLAINTIFF CANNOT ESTABLISH PERSONAL JURSIDICTION
OVER THE DEFENDANT………………………………………… 2

POINT II:

PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
BASED UPON THE DOCTRINE OF *FORUM NON
CONVENIENS*. ALTERNATIVELY, THE MATTER SHOULD
BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK 5

CONCLUSION………………………………………………………… 7

# TABLE OF AUTHORITIES

Page No.:

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)................... 2,3

Burke v. Quartey, 969 F.Supp. 921 (D.N.J. 1997)........................ 2

Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141 (3rd Cir. 1992)........ 2,3

Gulf Oil v. Gilbert, 330 U.S. 501 (1947)................................ 5

Helikopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408
(1984)................................................................. 2

Kultur Int'l Films, Ltd. V. Covenant Gordon Pioneer, FSP, Ltd.
860 F. Supp. 1055 (D.N.J. 1994)....................................... 6

Jumara v. State Farm Ins. Co., 55 F.3d 873 (3rd Cir. 1999)............. 7

Lacey v. Cessna Aircraft, Co., 932 F.2d 170 (3rd Cir. 1991)........... 5-6

Lony v. E.I. Dupont de Nemours & Co., 886 F.2d 628
(3rd Cir. 1989)........................................................ 5

McGee v. Int'l Life Ins. Co., 355 U.S. 200 (1957)..................... 3

Mesalic v. Fiberfloat Corp., 897 F.2d 696 (3rd Cir. 1990)............. 2

Sunbelt Corp. v. Noble, Denton & Assocs, Inc., 5 F.3d 28
(3rd Cir. 1993)........................................................ 2

World-Wide Volkswagen Corp. v. Woodson, 444 U.S.286, 297 (1980)..... 3-4

## **PRELIMINARY STATEMENT**

This Brief is submitted in support of the defendant's motion pursuant to Fed. R.Civ. P. 12(b)(2) to dismiss the plaintiff's Complaint upon the basis that this Court lacks personal jurisdiction over JJMAG RESTAURANT CORPORATION d/b/a NIKKI MIDTOWN, LLC i/s/h/a NIKKI BEACH MIDTOWN (hereinafter "JJMAG"). As fully detailed in the accompanying Affidavit of JJMAG's President, George Iordanou, JJMAG does not conduct any business in New Jersey and has no property or contacts with New Jersey. Even assuming arguendo that JJMAG had minimum contacts with the State of New Jersey at the time of the plaintiff's alleged assault in New York, the plaintiff's Complaint should nevertheless be dismissed based upon the doctrine of *forum non conveniens* as New York has a stronger interest in hearing this matter since the accident occurred there; the defendant's principal place of business is there; plaintiff's alleged assault was investigated there, and the plaintiff received medical treatment there. Alternatively, the plaintiff's action should be transferred to the Southern District of New York.

## **STATEMENT OF UNDIPSUTED MATERIAL FACTS**

For purposes of brevity, the defendant respectfully refers to the Court to the defendant's accompanying Statement of Undisputed Facts as well as the Affidavit of JJMAG's President, George Iordanou.

## POINT I

## PLAINTIFF CANNOT ESTABLISH PERSONAL JURSIDICTION OVER THE DEFENDANT

Pursuant to Federal Rule of Civil Procedure 4(e), federal "district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." Sunbelt Corp. v. Noble, Denton & Assocs, Inc., 5 F.3d 28, 31 (3rd Cir. 1993). New Jersey's long-arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution. N.J. Civ. Pract. R. 4:44-4. Accordingly, the question of whether this Court has jurisdiction over the defendant is determined by federal constitutional law. Mesalic v. Fiberfloat Corp., 897 F.2d 696 (3rd Cir. 1990).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The burden of proving of purposeful availment is on the plaintiff. Burke v. Quartey, 969 F.Supp. 921, 924 (D.N.J. 1997). In order to sustain this burden, the plaintiff must submit sworn affidavits or other competent evidence; reliance on pleadings alone is insufficient to withstand an in personam jurisdictional attack. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 147 (3rd Cir. 1992).

Specifically, the plaintiff must demonstrate that the defendant engaged in specific contacts with the forum state so as to invoke specific jurisdiction or continuous or systematic contacts so as to invoke general jurisdiction. Helikopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Under either scenario, the plaintiff must prove that the defendant had sufficient minimum contacts with the forum state so as to have reasonably anticipated being

haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S.286, 297 (1980). "A single, unsolicited contact, random or fortuitous acts or the unilateral acts of others (including the plaintiff) do not constitute a purposeful connection between the defendant and the forum state." Burger King, supra, at 476.

In order to prove specific jurisdiction, plaintiff must demonstrate that his claim is related to or arises out of the defendant's contacts within the forum. For instance, where the defendant has signed a promissory note or contract in the forum state (McGee v. Int'l Life Ins. Co., 355 U.S. 200, 223 (1957)); conducted meetings in the forum state (Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 147 (3rd Cir. 1992)), or committed a tort is the foreign state (Id.).

This is quite different from the instant matter wherein it has been alleged that the defendants committed a tort (i.e. negligent security) in New York while he was frequenting the defendant's restaurant/lounge in New York. Moreover, as fully detailed in the Affidavit of JJMAG's President, George Iordanou, JJMAG does not have offices in New Jersey nor does it conduct any business in New Jersey. Moreover, JJMAG does not solicit any business in New Jersey nor does it have any property, bank accounts or employees in New Jersey.

Under these circumstances, it is evident that the plaintiff cannot prove specific or general jurisdiction against the defendant. Rather, the evidence reveals that the only "contact" this case has to New Jersey is that plaintiff resides here.

Even assuming arguendo that plaintiff could establish minimum contacts, the plaintiff would still be required to demonstrate that "the assertion of personal jurisdiction would comport with "fair play and substantial justice.'" Burger King, supra, at 476 (1985)(citations omitted). For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. World-Wide, supra, at

282.   To determine reasonableness, a court must consider the following factors: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; (5) and the shared interest of the several States in furthering substantive social policies. Id. (numbers added).

Although the defendant would not have a heavy burden traveling from Manhattan to Newark, it is submitted that New Jersey has little interest in adjudicating a dispute that occurred in New York and was investigated by New York police officers. Furthermore, the plaintiff can obtain the same relief in New York as he would here, and would not be inconvenienced by having to litigate the action in New York, less than 30 miles away from where he resides.

In light of all of the foregoing, it is evident that the plaintiff cannot prove that the defendant had minimum contacts. Moreover, the exercise of personal jurisdiction over the defendant would be unreasonable. Accordingly, the defendant's motion to dismiss should be dismissed on this basis alone.

## **POINT II**

## **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BASED UPON THE DOCTRINE OF *FORUM NON CONVENIENS*.  ALTERNATIVELY, THE MATTER SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK.**

In the event this Court finds it may exercise personal jurisdiction over the defendant, it is JJMAG's contention that the plaintiff's complaint should nevertheless be dismissed based upon the doctrine *of forum non conveniens*. In addressing a defense of *forum non conveniens*, the court must determine whether an adequate alternative forum has jurisdiction to resolve the dispute. Lony v. E.I. Dupont de Nemours & Co., 886 F.2d 628, 632 (3rd Cir. 1989). Next, the court must weigh the "private interest" and "public interest" factors enumerated in Gulf Oil v. Gilbert, 330 U.S. 501 (1947). The private interest factors to be considered are: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance unwilling, and the cost of obtaining attendance of willing, witnesses, (3) possibility of view of premises, if view would be appropriate to the action; (4) and all other practical problems that make a trial of a case easy, expeditious and inexpensive. Id. at 508 (numbers added).

The public interest factors to be considered include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law governing the action; (4) the avoidance of unnecessary problems in conflict of laws, or in application of foreign laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. Lacey v. Cessna Aircraft, Co., 932 F.2d 170, 180 (3rd Cir. 1991).

As mentioned previously, the plaintiff has alleged that he was assaulted at the defendant's premises located in New York. New York's Supreme Court, New York County or the Southern District of New York (located next door) both qualify as an adequate alternative forum for the determination of this matter, since the defendant is amenable to service of process there and the subject matter of the lawsuit is cognizable in New York. <u>Kultur Int'l Films, Ltd. V. Covenant Gordon Pioneer, FSP, Ltd.</u> 860 F. Supp. 1055, 1063 (D.N.J. 1994).

Moreover, consideration of the 'private interest' factors indicate that a determination by a New York court would be more convenient and expeditious. Specifically, it is undisputed that the NYC police department investigated this incident. Since the police officers are unlikely to willingly appear in New Jersey, coupled by the fact that they will not be subject to this Court's subpoena power, it is evident that both parties will have difficulty in securing these witnesses' appearance for depositions and/or the trial of this matter. Thus, it is evident that leaving the instant case in New Jersey will be an impediment to "access to proof" essential for the defense of this matter. The police report also indicates that the plaintiff received emergency medical treatment in New York. Securing the paramedics and/or emergency room physicians' testimony will also be problematic for the reasons stated above.

Additionally, since the plaintiff's alleged assault in a premises in New York, it will obviously be impossible to view the premises in New Jersey.

A consideration of the public factors also "tips decidedly in favor of trial in the foreign forum" of New York. <u>Lacey</u>, <u>supra</u>, at 180. First, New Jersey juries and courts have little interest in determining a controversy that arose in New York, was investigated in New York, and to a certain extent, where the plaintiff received medical treatment. Second, both New York and New Jersey impose the same burdens on the plaintiff in proving negligent security cases (i.e. that

the defendant was placed on notice that the assault on the plaintiff was foreseeable). Therefore, the plaintiff's ability to obtain relief would be equal in both forums. In addition, he would not be inconvenienced by having to travel less than 30 miles to New York.

Based upon the foregoing, it is requested that the plaintiff's complaint be dismissed based upon the doctrine of forum non conveniens. In the alternative, it is requested that the plaintiff's action be transferred to the Southern District of New York. Jumara v. State Farm Ins. Co., 55 F.3d 873 (3rd Cir. 1999).

## CONCLUSION

For the all of foregoing reasons, the complaint against defendant should be summarily dismissed due to lack of personal jurisdiction and/or the doctrine of forum non conveniens. In the alternative, the within action should be transferred to the Southern District of New York.

Respectfully submitted,

GALLO, VITUCCI, KLAR, PINTER & COGAN, LLP
Attorneys for the Defendant
JJMAG RESTAURANT CORPORATION d/b/a
NIKKI MIDTOWN, LLC
i/s/ha NIKKI BEACH MIDTOWN

By: _____
     YOLANDA L. AYALA

Dated: December 4, 2007

GALLO, VITUCCI, KLAR, PINTER & COGAN, LLP
140 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
(201) 242-1011
Attorneys for the Defendant
JJMAG RESTAURANT CORPORATION d/b/a
NIKKI MIDTOWN, LLC
I/s/ha NIKKI BEACH MIDTOWN
-----------------------------------------------------------------------X

KEITH RUDNICK,

|                     | Plaintiff,    | UNITED STATES          |
|                     |               | DISTRICT COURT FOR     |
|                     |               | THE DISTRICT OF NEW    |
|                     |               | JERSEY                 |
| against –           |               |                        |
|                     |               | 2007 cv 04663(KSH)(PS) |

NIKKI BEACH MIDTOWN, et. al.          **ORDER**

Defendant,
-----------------------------------------------------------------------X

**THIS MATTER** having been brought before the Court by defendant through its counsel, Gallo, Vitucci, Klar, Pinter & Cogan, LLP, upon notice to plaintiff's counsel, and the Court having reviewed the moving papers, the responses thereto, and the argument of counsel, if any, and good cause appearing, it is this _____ day of January 2008, hereby:

**ORDERED** that the defendant's motion to dismiss due to lack of personal jurisdiction is **GRANTED;** it is further

**ORDERED** the defendant's motion to dismiss based upon the doctrine of forum non conveniens is **GRANTED**; and it is further

**ORDERED** that a copy of this Order shall be served upon all counsel of record within seven (7) days of receipt.

_____
J.S.C.

Motion
Opposed _____
Unopposed _____

Gallo Vitucci Klar Pinter & Cogan
140 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
(P) 201-242-1011
(F) 201-461-2621
*Attorneys for Defendant*
*JJMAG RESTAURANT CORPORATION d/b/a*
*NIKKI MIDTOWN, LLC*
*i/s/h/a NIKKI BEACH MIDTOWN*

---------------------------------------------------------------------X

KEITH RUDNICK,

                           Plaintiff,

    - against -

NIKKI BEACH MIDTOWN

                        Defendant.

---------------------------------------------------------------------X

U.S. District Court
District of New Jersey
(Newark)

2007-cv – 04663 (KSH/PS)

**PROOF OF MAILING**

**YOLONDA L. AYALA** certifies and states:

I am the attorney of record for the defendant, Nikki Beach Midtown, in this matter.

1. On December 5, 2007, I mailed the annexed Notice of Motion, Supporting Certification of Counsel, Statement of Undisputed Facts, Brief of the Defendant in Support of its Motion to Dismiss Pursuant to Rule 12(b)(2) and proposed form of Order to:

           RUDNICK, ADDONIZIO & PAPPA, P.C.
                  *Attorney for Plaintiff*
                    25 Village Court
                    Hazlet, NJ 07730
               Attn: Mark F. Casazza, Esq.
                  (732) 264-4400

2. I certify that the foregoing statements made by are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                              Yolonda L. Ayala, Esq.

Dated: December 5, 2007

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**              **U.S. Post Office & Courthouse Bldg.**
**United States Magistrate Judge**        **Federal Square, Newark, NJ  07101**
                                          **(973) 645-6596**

December 7, 2007

Mark F. Casazza
Rudnick, Addonizio & Pappa, P.C.
25 Village Court
Hazlet, New Jersey 07730

Yolanda Ayala
Gallo Vitucci Klar Pinter & Cogan, LLP
140 Sylvan Avenue
Suite 5
Englewood Cliffs, New Jersey 07632

## <u>LETTER ORDER</u>

      **RE:**    KEITH RUDNICK v. NIKKI BEACH MIDTOWN
               Civil Action No. 07-4663(KSH)

Dear Counsel:

      There shall be a telephone conference scheduled for **December 11, 2007 at 10:30 a.m.**
Defendant shall initiate the telephone call.  Kindly mark your calendars accordingly.

**SO ORDERED.**

s/Patty Shwartz
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Keith Rudnick

                Plaintiffs,

    v.

Nikki Beach Midtown, et al.

              Defendants.

Civ. Action No. 07-4663 (KSH)

**ORDER**

**Katharine S. Hayden, U.S.D.J.**

**THIS MATTER** having come before the Court by the filing of a motion to dismiss in lieu of an answer by defendant Nikki Beach Midtown; and defendant having failed to obtain leave of the Court through Magistrate Judge Patty Shwartz to file said motion in accord with the practice of this Court, see L. Civ. R., App. 2; and good cause appearing for the entry of this order,

**IT IS** on this 7th day of December, 2007 hereby

**ORDERED** that defendant's motion to dismiss appearing on the docket as entry #2 is **denied without prejudice**. Counsel are directed to confer with Magistrate Judge Patty Swhartz for further scheduling.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

CLOSING

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEITH RUDNICK                    :
                                 :
            Plaintiff            :
                                 :        Civil Action No. 07-4663(KSH)
        v.                       :
                                 :
NIKKI BEACH MIDTOWN              :        ORDER ON INFORMAL
                                 :            APPLICATION
            Defendant            :

This matter having come before the Court for a telephone conference on December 11, 2007, regarding the defendant's intention to file a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Southern District of New York; and the plaintiff indicating that he does not oppose transferring the case; and the Court having considered 28 U.S.C. §1404; and the record suggesting that the events occurred in New York and that many of the witnesses, including New York police officers who responded to the event, likely work and reside in New York; and it appearing that the private and public interest factors concerning convenience to the parties and witnesses and the local interest in having a New York jury evaluate the claims against a New York company weigh in favor of transfer; and for good cause shown,

        IT IS ON THIS 11th day of December, 2007

        ORDERED that the request to transfer this action to the Southern District of New York is granted; and

        IT IS FURTHER ORDERED that this case is closed.

                              s/Patty Shwartz
_____
                    **United States Magistrate Judge**

| | : | UNITED STATES DISTRICT COURT |
|---|---|---|
| MARK D'ANDREA, | : | DISTRICT OF NEW JERSEY |
| | : | |
| Plaintiff(s), | : | |
| | : | Hon. Susan D. Wigenton |
| -vs- | : | Civil Action No. 07-4663 (SDW) |
| | : | |
| TRUCKING EMPLOYEES OF NORTH | : | PRETRIAL SCHEDULING ORDER |
| JERSEY WELFARE FUND, INC., | : | |
| | : | |
| Defendant(s), | : | |
| | : | |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on December 3, 2007; Matthew R. Mendelsohn, Esq., appearing on behalf of Plaintiff; Benjamin A. Karfunkel, Esq., appearing on behalf of the Defendant; and for good cause shown:

**IT IS** on this **12th day of December, 2007**

**ORDERED THAT:**

## I. DISCOVERY AND MOTION PRACTICE

1.      Discovery is to remain open through **June 1, 2008**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2.      Any motion to amend pleadings must be filed not later than **March 1, 2008**.

3.      No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.

4. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

5. Other than as set forth in paragraph 6, no motions shall be filed without leave of Court. If a party wishes to file a motion, he or she should write a letter to the Magistrate Judge explaining the basis of the motion and the Court will advise as to how to proceed.

6. Dispositive motions shall not be filed until thirty (30) days after the close of Discovery. Failure to file dispositive motions within that time frame shall result in their dismissal as untimely.

## II. EXPERTS

7. All affirmative expert reports shall be delivered by **N/A, 2006**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**. See Fed. R. Civ. P. 26(b) (4) (A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

8. All responding expert reports shall be delivered by **N/A , 2006,** with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**. Any such report shall be in the form and content as described above.

9. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## III. FINAL PRETRIAL CONFERENCE

10. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

11. Pursuant Judge Wigenton's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

12. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

13.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

14.     The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and  trial briefs.  All counsel are responsible for the timely submission of the Pretrial Order and submissions.

## IV.  MISCELLANEOUS

15.     Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **December 17, 2007**.

16.     The parties may serve interrogatories limited to twenty five (25) single questions and requests for production of documents on or before **December 17, 2007**, to be responded to **within thirty (30) days of receipt**.

17.     The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

18.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

19.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.

20.     There shall be a telephone status conference before the undersigned on **Wednesday, February 13, 2008 at 4:00 p.m.**   Plaintiff's counsel will initiate the telephone conference.

21.     **FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**


<u>*s/Madeline Cox Arleo*</u>
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Original:     Clerk of the Court
cc:          All Parties
             Deputy Clerk
             File

## RIDER ON LENGTH OF BRIEFS

The attention of the parties is directed to L. Civ. R. 7.2(b), as amended by Order filed September 3, 1991. Briefs "shall not exceed 40 <u>ordinary</u> typed pages***" (emphasis added). This page limitation shall be <u>strictly enforced</u>.

When submitting a brief in accordance with General Rule 27B, a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument. This request must be made by letter not to exceed two ordinary typed or printed pages and <u>must</u> be submitted with the brief.

The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's General Rule 27B brief and letter.

The Court also reserves the right, in its sole discretion, to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
50 Walnut Street
NEWARK, NEW JERSEY 07101

CAMDEN OFFICE
1 John F. Gerry Plaza
CAMDEN, NJ 08101

WILLIAM T. WALSH
Clerk

TRENTON OFFICE
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

REPLY TO: <u>NEWARK</u>
**973 645-4583**

**December 17, 2007**

New York Southern District Court
120 Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:** **<u>KEITH RUDNICK v. NIKKI BEACH MIDTOWN</u>**
**<u>Civil Docket No. 2:07-cv-04663-KSH-PS</u>**

Dear Clerk :

The above-captioned case has been transferred to your court pursuant to the enclosed certified copy of the Order filed on 12/12/07. Also, enclosed is a certified copy of the docket report. You can obtain the original record by accessing CM/ECF through PACER. Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Very truly yours,

WILLIAM T. WALSH, Clerk

By:<u>Darlene Carr</u>

Deputy Clerk

**RECEIPT ACKNOWLEDGED BY:** _____ **DATE:** _____.

**YOUR CIVIL DOCKET NUMBER:** _____.